## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY CRENSHAW, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 17-926 |
| v. | § § § | |
| XTREME CUISINE III, LLC d/b/a PIRANHA KILLER SUSHI; | § § § | Jury Demanded |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jeffrey Crenshaw, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.     NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.      Defendant failed to pay Plaintiff in accordance with the FLSA in that it failed to pay Plaintiff overtime wages for all overtime hours worked despite classifying Plaintiff as a non-exempt, overtime eligible employee. Instead, Plaintiff was paid at his regular rate of pay for those weekly hours performed in excess of 40.  Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.      PARTIES

3.      Plaintiff Jeffrey Crenshaw ("Plaintiff") is an individual residing in Austin, Texas who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint.  He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4.      The Plaintiff and "Class Members" are Defendant's current and former non-exempt employees who were paid in whole or in part on an hourly and or shift basis. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.      Defendant Xtreme Cuisine III, LLC, d/b/a Piranha Killer Sushi ("Piranha") does business in the State of Texas and may be served with process through its Registered Agent of Service, Piranha Culinary Concepts, Inc at 2201 North Collins St., Suite 148, Arlington, TX 76011.

## III.      JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act.  29 U.S.C. § 201 et seq.  Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Venue is proper in this District because a substantial portion of the events forming the basis of the suit occurred in this District and one or more parties reside in this District.

## IV.    COVERAGE

8.      At all material times, Defendant acted, directly or indirectly, in the interest of an employer, joint employer or successor employer with respect to Plaintiff and the Class Members.

9.      At all times hereinafter mentioned, Defendant has been an employer, joint employer or successor employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12.     At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Plaintiff's and the Class Members' regular job duties consisted of serving customers, processing credit cards, handling dishware that moved through interstate commerce, handling food that moved through interstate commerce, and receiving cash tips from money that moved through interstate commerce.

## V.    FACTUAL ALLEGATIONS

13.     Defendant Piranha operates six restaurants throughout Texas and does over $500,000.00 per year in business.

14.     Defendant employs individuals paid on a non-exempt (by the hourly and/or shift) basis including, but not only, as servers, bartenders, and floor managers.

15.     Plaintiff was employed by Defendant during the three years prior to the filing of this suit.

16.     Throughout the course of this employment, Plaintiff was paid on a non-exempt basis and regularly required to work in excess of 40 hours per week (overtime hours); however, Plaintiff was not paid overtime premium pay for these overtime hours. Rather than at time-and-one half rates, Plaintiff was paid at his regular rate of pay for overtime hours worked.

17.     During the three year period prior to this suit, Defendant has employed individuals who performed similar job duties under similar pay provisions as Plaintiff, who were not paid overtime compensation as required by the FLSA.

18.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendant has previously been sued for violations of the FLSA and gained knowledge of the FLSA's overtime provisions through this prior litigation, yet its unlawful practices continue.

## VI.     COLLECTIVE ACTION ALLEGATIONS

19.     Other admittedly non-exempt employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.  Many of these employees worked with Plaintiff and were paid in the same, non-exempt manner as Plaintiff without being paid at proper overtime premium rates for all overtime hours worked.  Plaintiff is aware that the illegal practices or policies of Defendant has been broadly imposed on the Class Members.

20.     The Class Members performed the same or similar duties as Plaintiff or otherwise worked under the same illegal pay scheme.  Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

21.     Defendant's failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

22.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment particularly as Defendant self-identified these workers as non-exempt and overtime eligible. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to be paid lawful overtime wages for all overtime hours worked. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and facts are common to Plaintiff and the Class Members.

## VII.     CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23.     During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.  RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a.     For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages

equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b.        For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.        For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d.        For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.        For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

 /s/ *Jay Forester*_____

**J. FORESTER**
*ATTORNEY IN CHARGE*
Texas Bar No. 24087532
**FORESTER LAW PC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 288-8519 phone
(214) 346-5909 fax
www.thewagelawyers.com

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

 /s/ *Jay Forester*_____

**J. FORESTER**